UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 13-14-KSF

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                            **OPINION & ORDER**

SUSAN VENTURA                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion [DE #13] of the defendant, Susan Ventura ("Ventura"), "to dismiss so much of indictment concerning funds seized from Defendant's residence and following motion in limine as to testimony regarding said funds." The United States objects to Ventura's motion.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Ventura and her husband, Miguel Ventura, own and operate Miguel's Pizza and Rock Climbing Shop ("Miguel's") in Natural Bridge, Kentucky. Miguel's provides campground services and sells pizza and rock climbing equipment and apparel. Miguel's maintained a bank account at Central Bank and Trust Company ("Central Bank"), and Ventura conducted banking activities at the Winchester, Kentucky branch. From March 2009 until September 2010, Ventura made cash deposits of $10,000 or less over thirty times.

On April 11, 2011, United States Magistrate Judge Wier authorized the seizure of up to $148,070.57 from Miguel's account at Central Bank. Upon execution of the warrant, $41,185.42 was seized. On the same day, agents from the Internal Revenue Service went to the Ventura's business and home. The Ventura's consented to a search of their home, which revealed a plastic

bucket containing $259,714.00 in cash. After consulting with an attorney, they consented to seizure of the cash.

On January 17, 2013, a federal grand jury returned a one count indictment against Susan Ventura, charging her as follows:

> On or about March 13, 2009, continuing through September 22, 2010, in Clark County, in the Eastern District of Kentucky, **SUSAN VENTURA** did knowingly and for the purposes of evading the reporting requirements of 31 U.S.C. § 5313(a) and the regulations promulgated thereunder, structure and assist in structuring currency transactions, specifically currency deposits totaling $350,385.57 into Central Bank and Trust Company, a domestic financial institution, account ****7536, all in violation of 31 U.S.C. § 5324(a)(3).

The indictment also contains a forfeiture allegation, seeking forfeiture of "all property, real or personal, involved in the offense and any property traceable to such property." Specifically, "the property to be forfeited includes, but is not limited to, the following:

> **FUNDS SEIZED FROM CENTRAL BANK & TRUST**:
> $41,185.42 seized from account number 62110068
>
> **MONEY JUDGMENT**:
> $309,200.15 representing amount structured minus funds seized from Central Bank.

The indictment further provides that if the property described, due to any act or omission by Ventura:

> a. cannot be located upon the exercise of due diligence;
> b. has been transferred or sold to, or deposited with, a third party;
> c. has been placed beyond the jurisdiction of the court;
> d. has been substantially diminished in value; or
> e. has been comingled with other property which cannot be divided without difficulty;

"the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 31 U.S.C. § 5317(c) and by 28 U.S.C. § 2461(c)." [DE #1].

## II.   VENTURA'S MOTION TO DISMISS

Ventura moves for dismissal of the forfeiture portion of indictment pertaining to the $259,714 cash found in the bucket in her home. She contends that the cash taken from her residence

was not involved in any violation of federal statutes or any conspiracy to commit any violations. Moreover, she argues that the cash is not traceable to any violation of a federal statute. She seeks to have the portion of the indictment relating to the $259,714 found in her home dismissed.

Ventura's motion to dismiss will be denied. The indictment against her contains only one substantive count based on 31 U.S.C. § 5324(a)(3). The forfeiture allegation is not a substantive part of the indictment, but rather a forfeiture allegation made pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure seeking a money judgment of $309,200.15 - the total amount the United States alleges was illegally structured during the relevant time frame, less the amount seized from the Central Bank account. The $259,714 seized from Ventura's home was not part of the forfeiture money judgment calculation and the United States has not alleged that this cash is forfeitable. Rather, the United States contends that the funds were seized as evidence and are being held in that capacity. Accordingly, Ventura's motion to dismiss will be denied.

### III. VENTURA'S MOTION TO RELEASE AND REFUND THE $259,714 SEIZED FUNDS AND MOTION IN LIMINE TO EXCLUDE REFERENCE TO THE $259,714 SEIZED FUNDS

Next, the Court turns to the issue of whether the $259,714 seized funds are subject to restraint and can be used as evidence against Ventura at trial. The United States seeks to use evidence related to the $259,714 seized funds as evidence of the crime charged in the indictment. According to the United States, it will introduce evidence of the $259,714 seized funds, including photographs and testimony of the officers who seized the funds and questioned Ventura on April 12, 2011. Ventura seeks to exclude this evidence.

After careful review and consideration, the Court finds that while this evidence may be relevant under Rule 401 of the Federal Rules of Evidence, exclusion is required based on Rule 403 of the Federal Rules of Evidence. Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed.R.Evid. 403. The United States has not alleged that the seized funds were obtained as the result of any criminal endeavor and it is not a crime to maintain large amounts of cash at home. However, presentation of this evidence to the jury would inevitably lead to unfair prejudice to Ventura and could confuse the jury. The matter for the jury to decide is the structuring charge contained in the indictment. As a result, Ventura's motion in limine to exclude any evidence related to the $259,714 seized funds will be granted.

Because the Court will not allow the United States to present evidence related to the $259,714 seized funds, they cannot be held as evidence. The United States, however, alternatively argues that the funds are subject to pretrial restraint because Ventura "intended to structure" the funds.

Ventura is charged with structuring financial transactions in violation 31 U.S.C. § 5324. The applicable criminal forfeiture statute, 31 U.S.C. § 5317(c)(1) provides:

> The court in imposing sentence for any violation of section . . . 5324 of this title, or any conspiracy to commit such violation, shall order the defendant to forfeit all property, real or personal, involved in the offense and any property traceable thereto . . . Forfeitures under this paragraph shall be governed by the procedures established in [21 U.S.C. § 853].

Section 853 provides for pretrial restraint of property that would be subject to forfeiture in the event of conviction. It provides that after an indictment has been filed, "the court may enter a restraining order or injunction . . . or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture. . . . " 21 U.S.C. § 853(e)(1). Subsection (a), in turn, provides that property subject to forfeiture includes "property constituting, or derived from, any

proceeds the person obtained, directly or indirectly, as the result of" the criminal offense and "property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation . . . ." 21 U.S.C. § 853(a). While the United States contends that the $294,714 seized funds should be restrained due to evidence that Ventura intended to structure the seized funds in the near future, it has not yet filed any application for such restraint under 21 U.S.C. § 853(e)(1). Accordingly, the Court will allow the United States a limited time to file such an application.

### IV.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   Ventura's motion to dismiss [DE # 13] is **DENIED**;

(2)   Ventura's motion in limine [DE #13] is **GRANTED** to the extent that the United States shall refrain from making any reference to the $259,714 seized funds during the trial of this action; and

(3)   **NO LATER THAN MONDAY, APRIL 15, 2013**, the United States shall make an application pursuant to 21 U.S.C. 853(e)(1) for restraint of the funds, or those funds will be released to the defendant. The defendant shall file any response to the United States' application **NO LATER THAN WEDNESDAY, APRIL 17, 2013**.

This April 11, 2013.



**Signed By:**

*Karl S. Forester*   KSF

**United States Senior Judge**